**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4662**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

PHILIP CARILLO-RIVAS, a/k/a Manuel Cubias-Rivas,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:09-cr-00152-FL-1)

Submitted:  June 13, 2011                    Decided:  July 11, 2011

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Andrea T. Stubbs, Assistant Federal Public Defenders, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Brian S. Meyers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Carillo-Rivas was convicted by a federal jury of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2006); possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006); possession of a firearm after having previously been convicted of a crime punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006); possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (2006); and illegally reentering the country after having previously been deported, in violation of 8 U.S.C. § 1326(a) (2006). The district court sentenced Carillo-Rivas to a total of 150 months of imprisonment and he now appeals. Finding no error, we affirm.

Carillo-Rivas argues that the district court erred in denying his motion to suppress evidence seized as a result of his warrantless arrest and the search of his residence pursuant to a search warrant. Carillo-Rivas first contends that there was no probable cause to support his warrantless arrest. "In reviewing a district court's ruling on a motion to suppress, we review the court's factual findings for clear error, and its legal conclusions de novo." United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008) (citation omitted). When the district court denies a defendant's suppression motion, we construe "the

2

evidence in the light most favorable to the government." United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005) (citation omitted).

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004) (citations omitted). Probable cause exists when there are "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979); see Devenpeck, 543 U.S. at 152 ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.") (citation omitted). We have thoroughly reviewed the record and conclude that the district court did not err in finding that probable cause existed to support the warrantless arrest of Carillo-Rivas.

Carillo-Rivas next argues that the affidavit submitted in support of the search warrant failed to provide probable cause for issuance of the warrant. "[I]n order to establish probable cause for the issuance of a search warrant based in

part on an informant's hearsay, it is necessary to consider all the circumstances set forth in the affidavit . . . , including the veracity and basis of knowledge of persons supplying hearsay information." United States v. Hodge, 354 F.3d 305, 309 (4th Cir. 2004) (internal quotation marks and citation omitted) (noting degree of corroboration of informant's statements is also important). Moreover, "the determination of probable cause by the issuing magistrate is entitled to great deference from this court." Id. (citation omitted). Thus, this court's role "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. (internal quotation marks and citation omitted). Our review of the record leads us to conclude that the district court did not err in determining that there was sufficient probable cause to support issuance of the search warrant.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4